## WOOD v. WOOD ET AL.

1. **Practice:** CERTIFYING EVIDENCE TO SUPREME COURT: Where the trial judge states that the evidence certified is all the evidence offered, as well as the evidence introduced, admitted and used, on the trial, this is sufficient.

2. **Evidence:** FRAUD AND DURESS: FACTS NOT CONSTITUTING. Upon consideration of the evidence in this case, *held* that it does not establish the claim made by plaintiff, that he was induced by fraud and threats to cancel a chattel mortgage which he held against one of the defendants.

3. **Release of Mortgage:** EFFECT OF AS CONTROLLED BY INTENTION. Where one holding a first mortgage releases the same of record, for the purpose solely of giving priority to a second mortgage held by another, the first mortgage still subsists as between the parties thereto, and may be foreclosed as against the mortgagor as if no release had been made.

*Appeal from Hardin Circuit Court.*

TUESDAY, JUNE 12.

THE plaintiff is the father of the defendant, M. E. Wood. From August, 1877, to January, 1880, they were co-partners in the book, stationery and notion business at Eldora, under the firm name of M. E. & E. D. Wood. The partnership was dissolved by mutual consent on the twenty-sixth day of January, 1880. A written agreement was entered into by the parties by which E. D. Wood, the plaintiff, withdrew from

the business. M.'E. Wood agreed to continue the business, keep up the stock, pay all the partnership debts, and pay the plaintiff the sum of $2,000 in one year, and $5 a week from the date of dissolution until the $2,000 should be paid. A promissory note was executed for the $2,000, in accord with the written agreement, and the same was secured by a chattel mortgage upon the stock of goods. At the time of the dissolution of the partnership, the firm was indebted to a number of persons. Among other .claims against the partnership, there was a judgment in favor of Phelps, Dodge & Parker, for about $370. The defendant, W. T. Shaver, was surety upon the promissory note upon which this judgment was founded, and the judgment was against him as well as the partnership. On the twenty-eighth day of July, 1880, an arrangement was made between the plaintiff and the defendants, M. E. Wood and Shaver, by which M. E. Wood executed a note, secured by a chattel mortgage upon the stock of goods, to Shaver, for $400, and the plaintiff. executed a writing, by which he agreed that the mortgage to Shaver should be prior and superior to plaintiff's mortgage. This note, payable to Shaver, was handed over to the defendants, C. Hardin & Sons, bankers, as collateral security on claims which they held against Shaver. Hardin & Sons were not satisfied with the written instrument postponing one mortgage to the other, and the plaintiff afterward, at the solicitation of the other parties, entered a release of his mortgage upon the margin of the record thereof in the recorder's office. The defendant, M. E. Wood, did not pay off the judgment of Phelps, Dodge & Palmer. Shaver paid about $100 thereon about the time the mortgage was made to him, and he paid the balance after this suit was commenced, and before the trial in the circuit court. The defendant, M. E. Wood, paid to the plaintiff the $5 per week up to the commencement of this suit, but he has paid none of the principal of the note for $2,000. This action was commenced on the fifteenth of February, 1881. The plaintiff claims that he was induced to

postpone his mortgage, and finally cancel it, by threats made by Shaver and M. E. Wood that Phelps, Dodge & Palmer would levy an execution upon the stock of goods, and by promises that, if plaintiff would allow Shaver to have the first mortgage, he would immediately pay off the said judgment. He charges that he has been cheated by fraud and menaced by threats, and he asks the re-instatement of his mortgage, and that it be foreclosed as a first lien upon the stock of goods. The defendant, M. E. Wood, claims that he agreed to pay plaintiff too large an amount for his interest in the stock, and asks that he be released from making full payment. All of the defendants deny that there was any fraud in procuring the plaintiff to postpone and release his mortgage, and claim that the same was a fair transaction, by which all parties should be bound, and C. Hardin & Sons ask a foreclosure of the Shaver mortgage.

The court entered a decree declaring plaintiff's mortgage to be prior, and ordered that both mortgages be foreclosed, and that the proceeds of the sale of the goods be applied first on plaintiff's mortgage. The defendants appeal.

*Huff & Pillsbury* and *W. S. Preston*, for appellants.

*E. W. Eastman* and *F. Gilman*, for appellee.

ROTHROCK, J.—I. The appellee by motion seeks to strike out all of the evidence contained in the appellants' abstract, because the certificate of the trial judge does not comply with the law. The motion will be overruled. The certificate states that the evidence certified to "is all the evidence offered in said trial, and as well as the evidence introduced and admitted and used in the trial  *   *   *   *  ."

1. CERTIFY-ING evidence to the supreme court.

It will be seen that the certificate states, with unnecessary particularity, that the evidence certified to is all that was offered, and all that was introduced, and this is sufficient, as has been repeatedly held.

II. The .impression made upon the mind, after reading the evidence in this case, is, that the business in which the father and son were engaged was not profitable. At the time of the dissolution, the stock of goods was not large, and the debts were considerable. While the partnership existed, both of the partners drew their living from the business. Both had families, and the assets of the concern became less as long as the partnership continued. There is no evidence that M. E. Wood indulged in any extravagance after the dissolution. If there was evidence that he intended to take advantage of his father by withholding payment of the judgment of Phelps, Dodge & Palmer, and thus compelled plaintiff to postpone and release his mortgage, there might be some foundation for the charge that he wrongfully procured his father to release his mortgage. But there is no such evidence. Indeed, there is no showing that M. E. Wood concealed any property or money, but, on the contrary, it is fully shown that he discharged the debts just as soon as he was able to do so. The defendant, Shaver, was surety for the partnership. It was his undoubted right to protect himself by all legal and fair means. We think there is no showing that he defrauded the plaintiff. It is urged that M. E. Wood and Shaver threatened the plaintiff that if he did not postpone and release his mortgage, Phelps, Dodge & Palmer would levy an execution upon the stock of goods. If they did so, this was no such threat as would in law avoid the act of the plaintiff. The plaintiff, as a member of the partnership, was bound for the partnership debts. He could not set up his mortgage as against the creditors, because all the property he had subject to execution, including his mortgage, was bound for the partnership debts. The argument that the statement that a levy would be made upon the stock was false, because the judgment was against the firm and not against the individual member thereof, and a levy could not be made upon the stock, amounts to but little in establishing fraud. Whether Phelps, Dodge & Palmer had the legal

*(margin note: 2. EVIDENCE: fraud and duress: facts not constituting.)*

right to levy on the stock we need not determine. They had the right to subject the property to the payment of their debts, and there is no evidence in the case showing that M. E. Wood or Shaver had any knowledge upon that subject superior to the plaintiff. The fact that Shaver did not at once pay the judgment, is not a fraud upon the plaintiff. It was at most but a broken promise. But suppose he had paid it at once. He could have proceeded against the partnership and the individual members thereof at once for reimbursement. The whole trouble of the plaintiff arises from the fact that his son has been unable to pay the debt due to Phelps, Dodge & Palmer. He has not yet paid it. He owes it to Shaver, or to the defendants, C. Hardin & Sons, who have paid it for him. We need not dwell upon this branch of the case. It is enough to say, in conclusion, that the evidence does not show that any fraud or duress by threats was practiced upon the plaintiff, which by any rule of law or equity entitles him to relief.

III.   When the plaintiff released his mortgage, it was only for the purpose of allowing the mortgage of Shaver to be 3. RELEASE of prior thereto. It was not intended as a release as mortgage: effect of as controlled by intention. between the plaintiff and M. E. Wood. The court correctly held that, as between the parties to the mortgage, it was not released. And we think that the amount found to be due on plaintiff's note and mortgage was not excessive. As there was no evidence justifying a finding that the note and mortgage should be reinstated, the decree of the circuit court will be reversed, so far as it holds the plaintiff's mortgage to be prior to that held by C. Hardin & Sons.

REVERSED.